ERVIN, Judge,
dissenting.
I do not profess to be an expert in auditory matters. No doubt age has withered my ability to hear as once I could, but having attempted to listen to a tape recording alleged to pertain to a drug transaction between appellant and a confidential informant, I can reach no conclusion other than it is unintelligible and, as such, should not have been admitted into evidence and played in the presence of the jury. See Odom v. State, 403 So.2d 936 (Fla.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).
The content of the speakers’ voices is obscured by a constant static sound which may be likened to the wheels of a locomotive on a railroad track or the steady and continuing sounds of thunder. As a transcript of an inaudible portion of a tape recording should not be displayed in the presence of the jury, see Golden v. State, 429 So.2d 45 (Fla. 1st DCA), review denied, 431 So.2d 988 (Fla.), cause dismissed sub nom. Porterfield v. State, 438 So.2d 833 (Fla.1983), neither should the unintelligible tape recording in the case at bar have been played before the jury.
I would therefore reverse appellant’s conviction and remand the case for new trial.